IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                               ORDER

       v.                                       05-cr-117-bbc-01

BRIAN JACOBSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Brian Jacobson's supervised release was held on October 7, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Stephen Meyer. Also present was U. S. Probation Officer Melissa R. Lach.

      From the record, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on December 21, 2005, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the

Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

On March 5, 2010, I modified the conditions of supervised release by adding Special Condition No. 6, requiring defendant to spend up to 180 days in a residential reentry center. The purpose of the added condition was to provide defendant an opportunity to better prepare himself for his reintegration into the community. On March 8, 2010, defendant began his term of supervised release.

On August 11 and August 15, 2010, defendant violated Special Condition No. 3 of his conditions of supervised release requiring him to abstain from the use of alcohol when he had contact with police officers and was observed to be intoxicated.

In April, May, June and July 2010, defendant violated Standard Condition No. 2, requiring him to submit a truthful and complete written report within the first five days of each month, when he failed to submit monthly supervision report forms.

On July 12 and July 28, 2010, defendant violated Standard Condition No. 3 requiring him to follow the instructions of the probation officer when he failed to contact his supervising U.S. probation officer as instructed.

On August 15, 2010, defendant violated Standard Condition No. 9, prohibiting him from associating with any person convicted of a felony unless granted permission to do so, when he had contact with convicted felon Mickey Frank.

Defendant violated Standard Condition No. 11 requiring him to notify the probation officer within 72 hours of being questioned by a law enforcement officer when he failed to report an August 11, 2010 contact with a Green Bay, Wisconsin, police officer within 72 hours.

Defendant's conduct falls into the category of a Grade C violation. Section §7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is V.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of 7 to 13 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range.  The purpose of

3

this sentence is to hold defendant accountable for his violations and to protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 21, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of ten months' with 24 months' supervised release to follow. All previous conditions imposed will remain in effect, including Special Condition No. 6 requiring defendant's placement in a residential reentry center for up to 180 days.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Defendant is to report to the U.S. Marshal on Friday, November 5, 2010, no later than 4:00 p.m. to begin service of his sentence.

Entered this 3d day of November, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge